R23 LAW

**R23 LAW APC**
Peng Shao (319624)
Peng@R23Law.com
Ed Choi (271466)
Ed.Choi@R23Law.com
Litigation@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel: 888-533-2948
Fax: 415-558-0230

*Attorneys for Plaintiffs*
*Edward Badalian and Jenik Badalian*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD BADALIAN; an individual; and JENIK BADALIAN; an individual;

Plaintiffs,

v.

CITIBANK, N.A.; and DOES 1 to 50, inclusive;

Defendants.

CASE NO.

**COMPLAINT FOR VIOLATIONS OF:**

1. **ELECTRONIC FUND TRANSFER ACT;**
2. **CALIFORNIA UNIFORM COMMERCIAL CODE;**
3. **FINANCIAL ELDER ABUSE;**
4. **BUS. & PROF. CODE § 17200**

**JURY TRIAL DEMANDED**

Plaintiffs EDWARD BADALIAN and JENIK BADALIAN ("Plaintiffs"), individuals, file this COMPLAINT AND DEMAND FOR JURY TRIAL against Defendants CITIBANK, N.A.; and DOES 1 to 50, inclusive (collectively "Defendants"), and based on information and belief, hereby allege and complain as follows:

**INTRODUCTION**

1. This case involves innocent elderly consumers who had their life savings stolen from them through multiple rounds of unauthorized electronic fund transfers – and the bank defendant's unlawful actions in failing to protect the consumers, to prevent the fraud/theft, and to correct its own errors.

2. Plaintiffs are consumers, protected class members under Cal. Civ. Code § 3345, and long-time customers of Defendant Citibank ("Defendant(s)").

3. Beginning on or about July 29, 2026, multiple fraudulent and unauthorized electronic fund transfers were made from Plaintiffs' accounts managed and operated by Defendants, without Plaintiffs' knowledge or authorization.

4. Plaintiffs promptly reported and disputed these fraudulent transactions with Defendants upon discovery of the unauthorized electronic fund transfers ("EFTs").

5. Plaintiffs also reported the unauthorized EFTs to law enforcement.

6. Defendants continued to process unauthorized EFTs from Plaintiffs' accounts even after Plaintiffs reported the fraud to Defendants.

7. Defendants failed to adequately and properly investigate these unauthorized EFTs, and failed to protect Plaintiffs as required by the law.

8. As of the filing of this action, Defendants have failed to protect Plaintiffs from this fraud/theft, conduct a reasonable investigation as required by the law, or correct the unauthorized transactions.

9. Plaintiffs now bring this action for violations of (1) the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA"); (2) the California Uniform

R23 LAW

Commercial Code; (3) California's Elder Abuse and Dependent Adult Civil Protection Act; and (4) the Business and Professions Code Section 17200.

10. Plaintiffs seek actual, statutory, civil, and punitive damages for the harm that they have suffered.

11. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

12. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

13. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

14. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principals, managing agents, employees, officers, members, directors, heirs, successors, assigns, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

15. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1693, or under 28 U.S.C. § 1332 due to diversity of citizenship., in that Plaintiffs are citizens of California, Defendant CITIBANK, N.A. is a citizen of South Dakota, the state in which its main office is located as set forth in its articles of association, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over Defendants because Plaintiffs' claims arise out of and relate to Defendants' conduct in California, including its handling of the accounts of Plaintiffs, California residents, and its response to Plaintiffs' in-person fraud report at its Glendale, California branch, where Defendants

R23 LAW

conducts business.

17. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district; and (ii) Defendants are subject to personal jurisdiction in this judicial district with respect to this action and therefore resides here for venue purposes.

**PARTIES**

18. Plaintiffs EDWARD BADALIAN and JENIK BADALIAN are natural persons and residents of Los Angeles County, California.

19. Plaintiffs are "consumers" as that term is defined by the EFTA, and are protected class members under Cal. Civ. Code § 3345.

20. Defendant CITIBANK, N.A. is a national banking association with its main office, as designated in its articles of association, in Sioux Falls, South Dakota, doing business in the State of California as a bank, and as a provider of deposit, certificate of deposit, and other consumer financial accounts to consumers.

21. Defendants are a "financial institution" pursuant to 12 C.F.R. § 1005.2(i), and a "person" pursuant to 12 C.F.R. § 1005.2(j).

22. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and

R23 LAW

that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

23. Plaintiff EDWARD BADALIAN is a 72-year-old individual consumer, and Plaintiff JENIK BADALIAN is a 72-year-old individual consumer. Plaintiffs maintained personal Citibank deposit accounts, including a personal checking account ending in 2004, a savings account ending in 2022, and two personal certificates of deposit ending in 0549 and 7954 (collectively, the "Accounts"), all of which were established and maintained primarily for personal, family, or household purposes.

24. The certificates of deposit held Plaintiffs' life savings. Prior to the events described herein, upon information and belief, Plaintiffs had not sent transfers from any of their Citibank accounts at any time in approximately a year and a half preceding July 29, 2026.

25. Beginning on or about July 29, 2026, and continuing through on or about August 5, 2026, unknown third parties gained unauthorized access to Plaintiffs' Accounts and online banking and initiated a series of unauthorized transfers without Plaintiffs' knowledge, consent, or authorization.

26. Among other things, on or about July 30, 2026 and August 3, 2026, the unknown third parties caused Plaintiffs' certificates of deposit to be prematurely liquidated, causing Plaintiffs to incur early withdrawal penalties and forfeit guaranteed interest, and caused $250,000.00 (on or about July 30, 2026) and $300,000.00 (on or about August 3, 2026) to be transferred from the certificates of deposit into Plaintiffs' checking account ending in 2004. Within approximately five minutes after each of those transfers, the unknown third parties caused unauthorized online EFTs of $262,000.00 (on or about July 30, 2026) and $315,000.00 (on or about August 3, 2026) to be made from Plaintiffs' checking account ending in 2004 to another Citibank account.

27. The funds were then transferred out of Citibank through a series of additional unauthorized EFTs, each in an amount under $100,000.00, to multiple

R23 LAW

unknown third-party recipients with whom Plaintiffs had no prior relationship.

28. In total, the unauthorized EFTs from Plaintiffs' Accounts totaled over $400,000.00

29. Plaintiffs did not initiate, authorize, approve, or benefit from any of these transfers.

30. The unauthorized transfers were wholly inconsistent with Plaintiffs' account history, which reflected no prior online transfers of any comparable amount, frequency, or type. Defendants nevertheless processed the unauthorized transfers without taking reasonable steps to verify with Plaintiffs that they were authorized, and without placing any hold on the Accounts before executing them.

31. Promptly after learning of the unauthorized activity, on or about August 3, 2026, Plaintiff Edward Badalian reported and disputed the unauthorized transfers in person at Defendants' Glendale, California branch. Defendants opened a fraud case in response to Plaintiff Edward Badalian's dispute, Citi Case No. CIT260804010846.

32. Despite Plaintiff Edward Badalian's report and Defendants' own fraud case, Defendants continued to process additional unauthorized transfers of Plaintiff's funds on or about August 4, 2026 and August 5, 2026, in amounts of $98,920.00 and $99,010.75, respectively.

33. Plaintiff Edward Badalian also reported the matter to law enforcement. On August 4, 2026, Plaintiff filed Los Angeles Police Department Report No. 26152229, reporting that unknown suspects accessed his financial accounts and transferred money without his consent.

34. Plaintiffs timely disputed the unauthorized EFTs with Defendants within sixty (60) days of their appearance on Plaintiffs' periodic statements, and thereafter disputed them again.

35. On or about September 14, 2026, Plaintiff Edward Badalian sent a formal written dispute to Defendants, with supporting documents attached, including the relevant account statements, identifying each unauthorized transfer and demanding

R23 LAW

that Defendants restore the funds. The written dispute was sent by United States Postal Service Certified Mail and, upon information and belief, was delivered to Defendants on or about September 17, 2026.

36. Upon information and belief, Defendants did not provisionally credit Plaintiffs' Accounts within ten (10) business days of receiving Plaintiffs' notice of error, did not complete a reasonable investigation and report its results to Plaintiffs within the time required by law, and has not restored Plaintiffs' funds.

37. As of the filing of this Complaint, Defendants have failed and refused to correct the unauthorized EFTs or return Plaintiffs' funds.

38. As a direct result of Defendants' unlawful actions, omissions, and inaction, Plaintiffs have suffered damage by loss of money in an amount of over $400,000.00, loss of guaranteed interest, early withdrawal penalties, fees, loss of use of funds, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

## FIRST CAUSE OF ACTION

Violation of the Electronic Fund Transfer Act (EFTA)

*[Against All Defendants]*

39. Plaintiffs hereby re-allege and incorporate by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

40. The Electronic Fund Transfer Act ("EFTA") and Regulation E apply to electronic fund transfers that authorize a financial institution to debit or credit a consumer's account. 12 C.F.R. § 1005.3(a).

41. The primary objective of EFTA is "the protection of individual consumers engaging in electronic fund transfers and remittance transfers." 12 C.F.R. § 1005.1(b).

42. Financial institutions have error resolution obligations pursuant to

R23 LAW

Regulation E in the event that a consumer notifies the financial institution of an error. 12 C.F.R. § 1005.11.

43. Plaintiffs are each a "consumer" pursuant to 12 C.F.R. § 1005.2(e).

44. Plaintiffs' Accounts are each an "account" pursuant to 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b), in that each was established primarily for personal, family, or household purposes.

45. Defendants are a "financial institution" pursuant to 12 C.F.R. § 1005.2(i), and a "person" pursuant to 12 C.F.R. § 1005.2(j).

46. Pursuant to the EFTA, an error includes "an unauthorized electronic fund transfer." 15 U.S.C. § 1693f(f).

47. An Electronic Fund Transfer ("EFT") is any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account. 12 C.F.R. § 1005.3(b)(1).

48. "If a financial institution, within sixty days after having transmitted to a consumer pursuant to [15 U.S.C.] § 1693d(a), (c), or (d) of this title or notification pursuant to [15 U.S.C.] § 1693d(b) of this title, receives oral or written notice in which the consumer[:] (1) sets forth or otherwise enables the financial institution to identify the name and the account number of the consumer; (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to [15 U.S.C.] § 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred," the financial institution is required to investigate the alleged error. 15 U.S.C. § 1693f(a).

49. After said investigation, the financial institution must determine whether an error has occurred and report or mail the results of such investigation and determination to the consumer within ten (10) business days. Id.

50. If a financial institution provides a provisional credit in the first 10 days

R23 LAW

for the amount disputed, then the financial institution is afforded forty-five (45) days after receipt of notice of error to investigate. Id. § 1693f(c).

51. Unauthorized EFTs are EFTs from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 C.F.R. § 1005.2(m).

52. Comment 1005.2(m)–3 of Regulation E explains that an unauthorized EFT includes a transfer initiated by a person who obtained the access device from the consumer through fraud or robbery.

53. Here, unknown third parties gained unauthorized access to Plaintiffs' Accounts and initiated a series of EFTs debiting Plaintiffs' Accounts, including the transfers out of Plaintiffs' certificates of deposit and checking account ending in 2004 described above, without Plaintiffs' authorization and from which Plaintiffs received no benefit.

54. Plaintiffs notified Defendants of these errors within sixty (60) days of their appearance on Plaintiffs' periodic statements.

55. After receiving notice of the unauthorized EFTs on Plaintiffs' Accounts, Defendants failed to provisionally recredit Plaintiffs' Accounts, failed to conduct a timely and reasonable investigation, failed to report the results of any investigation to Plaintiffs within the time required by law, and failed to correct the errors.

56. Defendants further failed to comply with its obligations under the EFTA and Regulation E by continuing to process unauthorized transfers of the proceeds of the unauthorized EFTs from Plaintiffs' Accounts after receiving Plaintiffs' notice of the unauthorized activity.

57. As a direct and proximate result of the conduct of Defendants, Plaintiffs were unable to reclaim funds that were fraudulently taken from their Accounts within the authorized period for error resolution.

58. Plaintiffs' actual damages under 15 U.S.C. § 1693m(a)(1) include all funds lost as a result of the unauthorized EFTs from Plaintiffs' Accounts, which

consisted of Plaintiffs' personal life savings, including the proceeds of those EFTs that the unknown third parties thereafter transferred out of Defendants, together with the early withdrawal penalties, lost interest, and fees resulting from the unauthorized EFTs.

59. Upon information and belief, Defendants did not provisionally recredit Plaintiffs' Accounts within ten business days after receiving Plaintiffs' notice of error, and either did not make a good faith investigation of the alleged errors or did not have a reasonable basis for believing that Plaintiffs' Accounts were not in error. Alternatively, Defendants knowingly and willfully concluded that Plaintiffs' Accounts were not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendants at the time of its investigation. 15 U.S.C. § 1693f(e).

60. Upon information and belief, Defendants failed to correct the unauthorized EFTs due to, at least in part, Defendants' own financial self-interest, i.e., to avoid its liability to Plaintiffs for the unauthorized transfers pursuant to Regulation E.

61. Defendants' refusal to reverse or refund the unauthorized EFTs to Plaintiffs constitutes a violation of Regulation E, 12 C.F.R. § 1005.6, and 15 U.S.C. § 1693g.

62. As a result of each violation, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); treble damages pursuant to 15 U.S.C. § 1693f(e); limitation of liability under 15 U.S.C. § 1693g; and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

/ / /

/ / /

/ / /

R23 LAW

## SECOND CAUSE OF ACTION

Violation of the California Uniform Commercial Code (Cal. U. Com. Code §§ 11202, 11204, et seq.)

*[Against All Defendants]*

63. Plaintiffs hereby re-allege and incorporate by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

64. This cause of action is pleaded in the alternative to the First Cause of Action. To the extent any transfer alleged herein, including the Transfers, is a funds transfer governed by Division 11 of the California Uniform Commercial Code rather than by the EFTA, Defendants are liable under Division 11 as alleged below.

65. Plaintiffs are, and at all relevant times were, customers of Defendants and maintained deposit accounts, with Defendants.

66. Defendants accepted, processed, and executed a series of payment orders (including the payment orders for the Transfers) purporting to be issued in Plaintiffs' name, including transfers to recipients with whom Plaintiffs had no prior relationship.

67. Plaintiffs did not initiate, authorize, sign, approve, or benefit from the payment orders, which were not authorized orders of Plaintiffs.

68. Under Cal. U. Com. Code section 11202, a payment order is an "authorized order" of a customer only if authorized by the customer or by a person with authority to act for the customer. The payment orders are not effective orders of Plaintiffs because:

a. upon information and belief, Plaintiffs did not agree to a commercially reasonable "security procedure" for verifying payment orders of this type and magnitude;

b. Defendants did not accept the payment orders in good faith and in compliance with any such security procedure and any written agreement or instruction of Plaintiffs; and

R23 LAW

c. the circumstances—including multiple high-dollar, atypical transfers in rapid succession to new recipients, and Plaintiffs' own report of fraud—required additional verification and inquiry that Defendants failed to perform before executing the transfers.

69. Defendants' acceptance of the unauthorized payment orders was not authorized by Plaintiffs and was not effective as the orders of Plaintiffs under Cal. U. Com. Code section 11202, or Defendants are otherwise not entitled to enforce or retain payment of the payment orders within the meaning of Cal. U. Com. Code section 11204.

70. Cal. U. Com. Code section 11204 requires that, to the extent a receiving bank is not entitled to enforce or retain payment of an unauthorized or unenforceable payment order, the bank must refund the amount paid by the customer, and must pay interest from the date the bank received payment to the date of the refund.

71. Plaintiffs promptly notified Defendants of the fraud and disputed the transfers. Plaintiffs provided notice within a reasonable time under the circumstances.

72. Despite Plaintiffs' timely notice and dispute, Defendants failed and refused to refund the unauthorized transfers and has continued to withhold Plaintiffs' funds.

73. As a direct and proximate result of Defendants' violations of Cal. U. Com. Code sections 11202 and 11204, Plaintiffs have suffered damages including, at minimum:

a. Loss of money wrongfully transferred from Plaintiffs' account(s);

b. Interest as required by Cal. U. Com. Code section 11204; and

c. Additional damages according to proof.

74. Plaintiffs seek all relief available under Cal. U. Com. Code Division 11, including refund of the unauthorized payment amounts, interest, costs of suit, and such other and further relief as the Court deems just and proper.

/ / /

R23 LAW

**THIRD CAUSE OF ACTION**

Financial Elder Abuse (Welf. & Inst. Code §§ 15610.30, 15657.5)

*[Against All Defendants]*

75. Plaintiffs hereby re-allege and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

76. At all relevant times, Plaintiffs were each an "elder" within the meaning of Welfare and Institutions Code section 15610.27 because Plaintiff EDWARD BADALIAN is 72 years old and Plaintiff JENIK BADALIAN is 72 years old.

77. Plaintiffs' funds on deposit with Defendants constitute "property" within the meaning of Welfare and Institutions Code section 15610.30.

78. As alleged above, third-party wrongdoers caused the transfer of Plaintiffs' funds by fraudulent and deceptive means, resulting in a series of high-dollar unauthorized transfers debited from Plaintiffs' accounts.

79. Plaintiffs did not intend to make these transfers for any legitimate purpose, did not receive any benefit from them, and did not authorize the third-party wrongdoers to initiate transfers from Plaintiffs' Accounts.

80. Welfare and Institutions Code section 15610.30(a)(2) provides that "financial abuse" occurs when a person or entity "assists in taking, secreting, appropriating, obtaining, or retaining" property of an elder for a wrongful use or with intent to defraud, or both.

81. Defendants assisted the third-party wrongdoers' taking, obtaining, or retaining of Plaintiffs' property by, among other things:

a. accepting, processing, and executing the unauthorized transfers notwithstanding circumstances demonstrating a high probability of fraud and elder exploitation;

b. failing to implement reasonable safeguards, holds, and escalation procedures in response to atypical, high-dollar transfers inconsistent with Plaintiffs' account history;

R23 LAW

c. failing to conduct reasonable verification commensurate with the magnitude, atypical nature, and risk indicators of the transfers before executing them;

d. continuing to process unauthorized transfers from Plaintiffs' funds after Plaintiffs reported the fraud to Defendants and after Defendants opened its own fraud case;

e. failing to stop, reject, suspend, or timely recall and remediate the transfers once Defendants' systems or personnel were on notice of suspected fraud; and

f. refusing to return Plaintiffs' funds despite notice of the fraud, thereby assisting the wrongdoers in retaining the proceeds of the fraudulent transfers.

82. Defendants' assistance was for a "wrongful use" within the meaning of Welfare and Institutions Code section 15610.30(b) because Defendants knew or should have known that its conduct was likely to be harmful to Plaintiffs.

83. Specifically, Defendants had actual knowledge, or at minimum was on notice, of facts indicating suspected fraud and elder exploitation, including but not limited to:

a. multiple high-dollar outgoing transfers over a period of days, with daily totals approaching Defendants' $100,000.00 daily online limit, to multiple new recipients, inconsistent with ordinary consumer account activity and with Plaintiffs' account history;

b. the premature liquidation of Plaintiffs' certificates of deposit, with penalty, immediately followed by transfers of the proceeds out of Plaintiffs' Accounts;

c. upon information and belief, Defendants' own fraud detection systems and communications reflecting suspicious or potentially unauthorized activity related to Plaintiffs' Accounts; and

R23 LAW

d. Plaintiffs' prompt in-person report to Defendants disputing the transfers and reporting fraud, after which Defendants continued to process unauthorized transfers.

84. Defendants also had actual knowledge of the third parties' wrongful conduct. No later than when Plaintiffs reported the fraud in person at Defendants' Glendale branch and Defendants opened Citi Case No. CIT260804010846, Defendants actually knew that third parties were taking Plaintiffs' property through unauthorized transfers. With that actual knowledge, Defendants thereafter executed at least the August 5, 2026 Transfer of $99,010.75 to a new recipient, and Defendants have continued to withhold Plaintiffs' funds.

85. Defendants' conduct was reckless, oppressive, fraudulent, and/or malicious within the meaning of Welfare and Institutions Code section 15657.5(b) and Civil Code section 3294. Plaintiffs are entitled to reasonable attorney's fees and costs under Welfare and Institutions Code section 15657.5(a), and to punitive damages under Civil Code section 3294.

86. Upon information and belief, the acts and omissions of Defendants' employees alleged herein were authorized or ratified by one or more officers, directors, or managing agents of Defendants, including those responsible for Defendants' fraud-monitoring, and error-resolution functions, within the meaning of Civil Code section 3294(b) and Welfare and Institutions Code section 15657.5(c).

87. As a direct and proximate result of Defendants' financial elder abuse, Plaintiffs suffered damages including, at minimum, loss in the amount of the unauthorized EFTs, interest, penalties, and emotional distress.

**FOURTH CAUSE OF ACTION**

Violation of Cal. Bus. & Prof. Code § 17200 et seq. (UCL)

*[Against All Defendants]*

88. Plaintiffs hereby allege and incorporate by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully

R23 LAW

herein.

89. Pursuant to Cal. Bus. & Prof. Code section 17200 et seq., Defendants were obligated to refrain from engaging in unfair business practices, including the unfair business practice of violating the laws detailed above.

90. It is the policy of the State of California to enforce consumer protection laws, and to protect those businesses who comply with the law from losing competitive advantage to other businesses who fail to comply.

91. Defendants have engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiffs as alleged in this complaint.

92. Plaintiffs are each a “person” within the meaning of the Business & Professions Code section 17204, and thus possess standing to bring this suit for injunctive relief. As alleged in this complaint, Plaintiffs have suffered injury in fact from the unfair business practices of Defendants as required by Business & Professions Code section 17204.

93. The conduct of Defendants, as described herein, constitutes unlawful, unfair, and fraudulent business practices prohibited by Cal. Bus. & Prof. Code section 17200.

94. Defendants violated multiple statutes, including but not limited to the EFTA, the California Uniform Commercial Code, and the Elder Abuse and Dependent Adult Civil Protection Act, as described herein this Complaint.

95. Each statutory violation constitutes an independent basis for liability under the “unlawful” prong of the UCL.

96. Defendants’ conduct also constitutes “unfair” business practices under the UCL because:

a. Plaintiffs—elderly consumers—promptly reported the fraud to Defendants, and Defendants nevertheless continued to process unauthorized transfers of their funds and have refused to restore

R23 LAW

them;

b. Defendants persisted in such conduct without justification, causing harm that outweighs any purported utility of their actions; and

c. Defendants' practices undermine the consumer protection scheme created by the EFTA.

97. Defendants' practices are also "fraudulent" within the meaning of the UCL because they are likely to deceive reasonable consumers into believing that unauthorized EFTs do not qualify for error resolution and correction under Regulation E, even after the consumer submits a timely dispute with supporting documentation.

98. Plaintiffs have suffered injury in fact and lost money or property as a result of Defendants' UCL violations, including actual damages in money lost and in emotional distress in disputing the fraudulent EFTs that underlie this action.

99. Plaintiffs seek injunctive relief to compel Defendants to implement procedures to avoid similar misconduct in the future.

100. Plaintiffs lack an adequate remedy at law for the equitable relief sought in this cause of action, which is pleaded in the alternative to Plaintiffs' legal claims. Among other things: (a) damages cannot prevent Defendants from continuing the practices alleged herein, which threaten Plaintiffs, who remain Defendants' customers, with future harm; (b) Defendants contend, or are expected to contend, that some or all of the transfers fall outside the EFTA and Division 11 of the California Uniform Commercial Code or that its liability is otherwise limited, and if Defendants prevail on any such contention Plaintiffs will have no legal remedy for the funds, fees, and penalties Defendants retained; and (c) restitution of the early withdrawal penalties and transfer fees Defendants itself collected does not depend on proof of the elements of, and is not subject to the defenses to, Plaintiffs' legal claims.

101. Plaintiffs also seek restitution of any amounts wrongfully collected, including the early withdrawal penalties and transfer fees Defendants collected,

R23 LAW

attorney fees under Cal. Code Civ. Proc. Section 1021.5, and any other relief the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

1. For declaration that Defendants' practices violate the law;
2. For actual, compensatory, special, and general damages in an amount according to proof;
3. For statutory penalties and punitive damages for each separate statutory violation where allowed by statute;
4. For treble damages under 15 U.S.C. § 1693f(e) and Cal. Civ. Code § 3345;
5. For restitution and disgorgement;
6. For pre- and post- judgment interest;
7. For reasonable attorneys' fees and costs;
8. For injunctive relief as applicable; and
9. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DATED: October 23, 2026

BY: */s/ Ed Choi*

Ed Choi, Esq.

**R23 LAW APC**
Peng Shao
Peng@R23Law.com
Ed Choi
Ed.Choi@R23Law.com

*Attorneys for Plaintiffs*
*Edward Badalian and Jenik Badalian*